# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. A05-01728-DMD<br><br>TROY BUCHAN THAIN and DI ANN THAIN,<br><br>Debtors. | Chapter 7 |
| VERNE L. FABRY and MARTIN J. FABRY,<br><br>Plaintiffs,<br><br>v.<br><br>DI ANN THAIN and TROY THAIN,<br><br>Defendants. | Adversary No. A06-90009-DMD<br><br>**Filed On 3/17/06** |

## ORDER STRIKING JURY DEMAND

The plaintiffs filed their adversary complaint on February 8, 2006. On their adversary case cover sheet, they have indicated that they request a jury trial in this matter. Their request for a jury trial will be stricken for two reasons. First, they did not file a separate jury demand or include such a demand in their complaint, as required by Fed. R. Civ. P. 38(b).[1] More important, however, is the fact that the plaintiffs do not have a Seventh

---

[1] Rule 38 is made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9015. The adversary proceeding cover sheet is not a pleading, and checking the "Jury Demand" box on this sheet doesn't satisfy the requirements of Rule 38. In fact, the cover sheet instructs the plaintiff to select the Jury Demand box only if a jury demand has been made in the complaint.

Amendment right to a jury trial in this nondischargeability proceeding.[2] Their claim for relief asks for a judgment either: 1) denying the debtors' bankruptcy petition (which the court interprets as a request for a denial of the debtors' chapter 7 discharge under 11 U.S.C. § 727(c)), or 2) removing their debt from the chapter 7 bankruptcy petition (which the court interprets as a request to except that debt from discharge under § 523). For the foregoing reasons,

**IT IS ORDERED** that the plaintiffs' request for jury trial is stricken. The discharge and dischargeability issues which have been raised in the plaintiffs' complaint will be tried by the court.

DATED: March 17, 2006

BY THE COURT

 /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:   H. Clay Keene, Esq. (for plaintiffs)
Michael P. Heiser, Esq. (for defendants)
P. Gingras, Adv. Case Mgr.
QC

03/17/06

---

[2] *American Express Travel Related Svc. Co., Inc., v. Hashemi (In re Hashemi)*, 104 F.3d.1122, 1124 (9th Cir. 1996); *Locke v. United States Trustee (In re Locke)*, 205 B.R. 592, 599-600 (B.A.P. 9th Cir. 1996); *Scheiber v. Hooper (In re Hooper)*, 112 B.R. 1009, 1011-13 (B.A.P. 9th Cir. 1990).